Pamela Byerly, I'm an assistant United States attorney from the Eastern District of Washington and I represent the United States in this appeal. The United States is appealing the district court's sentencing decision. The case involves a violation of Title VIII United States Code, Section 1326. And the government would reserve three minutes for rebuttal. I put that up front and I'll watch my clock and try to remember. All right. Thank you. Your Honor, Your Honors, the guideline sentence involved, because defendant had a prior kidnapping conviction, his sentence was enhanced 16 levels. The issue is whether the district court erred in departing eight levels from his guideline range after considering the circumstances of the defendant's particular underlying kidnapping conviction. It appears the district court was concerned because he did not feel the kidnapping conviction was that serious and therefore felt that it fit better under the eight-level enhancement for aggravated felony rather than the full 16-level enhancement for crime of violence, which is what is designated under the guidelines as where kidnapping lies. The government's position is that the 2001 amendments have addressed the court's concern. Now we no longer have every aggravated felony fitting in that full, excuse me, 16-level enhancement. They are graduated depending on the seriousness of the felony. And the Sentencing Commission has decided that the kidnapping convictions lie in that 16-level enhancement. So the amendment is what you think answers the question? Yes, Your Honor. Although the court did consider Sanchez-Rodriguez, and certainly Sanchez-Rodriguez case does allow departures based on extraordinary circumstances that make it render prior kidnapping conviction atypical from a typical kidnapping conviction. Again, I would point out to the court, though, that that case was decided prior to the 2001 amendments, which now take care of those concerns and place aggravated felony convictions in certain positions to be considered as to which are more serious. But I would invite the court to look at the circumstances of that particular kidnapping conviction that is. I think we're familiar with it, that he took his ex-girlfriend's child because he wanted to talk to his ex-girlfriend, and there's evidence that the child didn't want to go with him and was crying. Correct, Your Honor. And also that it was a domestic violence situation in which the mother of the child had indicated the defendant had beat on her in the past. The defendant admitted that he had hit her in the past. In California. In California. But there was concern about this being an abusive situation and the child being taken crying, leaving the babysitter crying to go with this defendant. That was your argument that even if the court could look, because of the prior case law, that it still does not, it's not an atypical kidnapping? That is exactly right, Your Honor. That is the government's position. And that would be the argument, and that the Eight-Level departure under these circumstances of this particular kidnapping conviction was not warranted. That would be the gist of the argument. If there are no questions, I would be done. There don't appear to be any questions. You have time reserved for rebuttal. Thank you. Thank you. Morning, counsel. Good morning, Your Honor. Christina Hunt from the Eastern District of Washington's Federal Defender's Office. In this particular case, it appears the government argues first. It's our position that the amendments to the guidelines didn't trump Sanchez-Rodriguez and they don't trump whether or not a court needs to look at does this case fall within the heartland of cases that the commission needs to look to. It's our position that in this case, the judge carefully looked at the facts, determined to that it did fall outside the heartland and properly departed   It's our argument that the amendments to the guidelines take care of that by determining whether there's a 16-level enhancement, a 12-level enhancement, an 8-level enhancement, takes care of needing to look at those things. Is there anything so we don't really have anything specifically that tells us that whether Sanchez-Rodriguez, there isn't a published case that says it still applies, right? That's correct. But there's also not a published case that says it doesn't apply. I mean, it's so, if it were, if there, you know, obviously if there were a case that said it's the amendment covers it, then it's over and done and you lose. Right. So let's just assume for argument's sake that Sanchez-Rodriguez does apply. Then we're reviewing the court for what standard? Then I think we review for abuse of discretion, whether or not the court abused its discretion in making the downward departure in determining that this case fell outside the heartland of cases. And I think there was no actual violence in this case. This was a case wherein a child out of somebody's car. No, Your Honor. He wasn't taken out of the car. He was in the car. The defendant was. My understanding is that the child was with the babysitter in another location and he took the child and put the child in his car and left. Perhaps I misunderstood. But where was the child when he took her? Well, outside. Not in the home. It was. Off the street or something. Correct. With the babysitter. So, but still, what if the babysitter resisted? Well. I was upset. But what if she screamed and a bystander came? What if the police came? Right. I understand that, Your Honor, but those. Take somebody as unwilling as violence. Agreed. And we don't contest that. If you look at this offense categorically under Taylor, it is a crime of violence. And the Court found that it was a crime of violence to which a 16-level enhancement did apply. The Court then looked at the facts of this case and made a determination that it didn't warrant being treated that seriously given the specific facts of this case. So Judge Quackenbush looked at this and determined that the child was taken for the purpose of the defendant being able to speak to the mother. There was no harm to the child. In fact, the child was found later on that day asleep in the defendant's car with the defendant. This was a situation where this gentleman, the defendant, had basically raised this child. The child, I think, was 5 years old and that these two people, the mother and the defendant, had been in a long-term relationship. And the child, this gentleman was a father figure to this child. So it was very, it's very different than a situation where, for example, it's a stranger kidnapping. That was not the case here. Does the family violence make any difference? Well, there's some dispute as to where the family violence took place. The mother claimed that it took place in both California and Washington. The defendant claimed it had taken place further in the past and only in California. Do I think that that makes a difference? I think that the Court looked at the totality of the circumstances and determined that it didn't make a difference. And the reason I think that the Court felt domestic violence situations can sometimes be very iffy. They are sometimes just one person saying this happened and another person saying that happened. And the record doesn't support any allegations of physical violence or any proof of any of that. Right. But in California, well in the past. I guess where I would be struggling is, you know, I'm not particularly persuaded by the fact that there's not violence in this situation just because, I mean, we all read about in the newspaper every time people that kill their own children and take out the whole family. And so just because it's a family member in a domestic situation, you know, that but under the abuse of discretion standard, that's where I'm wondering, you know, to what extent to, you know, obviously if I were the sentencing judge, maybe he wouldn't have gotten it. But on the other hand, I'm not the sentencing judge, I'm the appellate judge. So that's where I think your best argument is. Right. And I think, I think the thing is, is that it's our position that the trial court judge looked at all of these factors, made a decision that this was the appropriate thing to do, and that he did not abuse his discretion in making those decisions, that government hasn't pointed to anything to say it's an abuse of discretion because of A, B, or C. And they can't do that because, in fact, he didn't abuse his discretion here. But then if we find that the amendment takes care of it and that's no longer good law, then that's a different situation. That's a different situation altogether. Okay. Now, you do have a Blakeley issue in that if they, it ends up that these guidelines are discretionary, obviously, you're a man of luck out. Do you want us to do anything, have any requests to make of the Court to hold that open for you or anything of that kind? I would like the Court to hold the Blakeley issue and the Aniline issue open here. There is a question as to, well, I think it's sort of a two-fold question. First, are the guidelines discretionary? Do they apply here? Second. We've got 50 courts have decided on it, and we've got 45 different approaches. Exactly. No one knows what the bottom one is going to be. Exactly. What's going to be at the end of the day, as they say. So do you want us to? We don't know. You don't know. Maybe the Supreme Court knows. I don't know. I guess we'll find out later. We don't know. So do you want us to hold it open, defer the decision or anything of that kind? Yes. We do. Are there any other? Because if they become discretionary, as about half of the judges that have ruled on it have held, then obviously the judge's state of what his discretion would be. That's correct. All right. Discretionary in the sense you can do about, you can do pretty much what you want like it used to be in the old days. Right. If the guidelines are discretionary, then I think that what Judge Krakenbusch has done is perfectly appropriate. If the guidelines are upheld, then I think that's what we're going to do. And the issues as presented. Right. Exactly. Are there any other questions from the panel? I don't think so. Thank you very much. Just very briefly to sum up, it is in the government's position that the 2001 amendments have dealt with the seriousness of underlying convictions and that the district court's discretion then should be lessened considerably because of those guideline amendments, if not eliminated altogether. And under Rodriguez, departure should be warranted only in the most extraordinary of circumstances. The government, again, invites the court to look at the facts in this particular case and consider whether the circumstances in this prior kidnapping conviction were, did involve potentially very violent criminal conduct. And the government would argue that the crime of kidnapping should always be considered a serious crime of violence. That's why the sentencing commission placed the 16- But then if Sanchez-Rodriguez has any effect, you can't always go that way. I think, you know, my concern was, as I indicated to Ms. Hunt, was while I do think that domestic violence is not something to be taken lightly, and I do think that, you know, I read in the newspaper all the time, people take their whole families out. So I'm not necessarily less concerned because it's someone that you know or that you can assume that they're not going to do any harm. What if she hadn't talked to them? You know, would then, you know, what would the kid have gone through? Or if he didn't get the attention. But by the same token, abuse of discretion is always, for the person that's claiming that it's an abuse, it's always a steeper hell to climb than something where the law just, you know, where it's de novo or something along those lines. That is true, Your Honor. So you just think on these facts, as a matter of law, essentially, they can't be extraordinary? On these facts, yes, Your Honor. Could Sanchez-Rodriguez be limited to the drug situation, which was specifically addressed? No, Your Honor. I don't believe so. I believe that that could be. That certainly the Court can, the Court in its discretion could depart based on the seriousness of this particular kidnapping. But again, I do urge the Court to, and remind the Court that the facts as I read them were that the mother had just left the defendant because he had beat on her. That was her statement to law enforcement. And I also point out to the Court that according to the revised presentence report, defendant was found on this Federal conviction, on this Federal charge while he was in jail serving time on a violation of a supervised release on this kidnapping conviction. So I'm not, I do not know what that, what occurred. I don't know if it was a violation of paying a fine or if he had tried to contact the defendant or to contact the victim. But it would be the government's position that in looking at the totality of the circumstances in this particular kidnapping conviction that the eight-level departure was not warranted. Thank you. All right. Thank you. U.S.A. v. Ramon Montenegro Samaniego will stand submitted at this time. We'll now call the next case.
judges: Hall, Callahan, Bertelsman